## IN THE COURT OF APPEALS OF IOWA

No. 16-0204
Filed May 11, 2016

**IN THE INTEREST OF K.T.,**
**Minor Child,**

**V.L., Mother,**
        Petitioner-Appellee,

**C.T., Father,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


        The father appeals from the district court's order terminating his parental

rights. **AFFIRMED.**



        Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant father.

        Jennie L. Clausen of H.J. Dane Law Office, Davenport, for appellee

mother.

        Mark J. Neary of Neary Law Office, Muscatine, guardian ad litem for minor

child.



        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Carlos appeals from an order terminating his parental rights in his thirteen-year-old child, K.T.  The child's mother sought to terminate Carlos's parental rights pursuant to Iowa Code chapter 600A (2015) on the ground that Carlos abandoned K.T.

We review de novo termination proceedings brought pursuant to Iowa Code chapter 600A.  *See In re C.A.V.,* 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We are not bound by the district court's factual findings, but we afford them weight, particularly findings on the credibility of witnesses.  *See id.*  Our primary concern is the best interests of the child.  *See id.*; *see also* Iowa Code § 600A .1 ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter.").

In a private termination proceeding, the petitioner must establish by clear and convincing evidence the statutory ground or grounds authorizing the termination of parental rights.  *See* Iowa Code § 600A.8; *In re R.K.B.*, 572 N.W.2d 600, 601–02 (Iowa 1998).  If the statutory ground or grounds are proved, the petitioners must also prove termination of parental rights is in the best interests of the child.  *See* Iowa Code § 600A.8; *R.K.B.*, 572 N.W.2d at 602. While the best interests of the child is the primary concern of the termination proceeding, the interests of the parents shall be given due consideration.  *See* Iowa Code § 600A.1; *R.K.B.*, 572 N.W.2d at 602.

Abandonment of a minor child is one of the grounds authorizing the termination of parental rights under Iowa Code chapter 600A.  *See* Iowa Code § 600A.8(3).  Chapter 600A defines abandonment of a minor child as "reject[ing]

the duties imposed by the parent-child relationship . . ., which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19). Specifically,

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). The petitioner need not establish the father's subjective intent to abandon the child. *See* Iowa Code § 600A.8(3)(c); *In re G.A.*, 826 N.W.2d 125, 130–31 (Iowa Ct. App. 2012) (recognizing a parent's subjective intent does not preclude a finding of abandonment); *In re C.J.F.M.*, No. 10–0166, 2010 WL 3157756, at *2 (Iowa Ct. App. Aug. 11, 2010) (recognizing the "intention to abandon is no longer a statutory element in the definitions of Iowa Code chapter 600A").

On de novo review, we conclude there is clear and convincing evidence Carlos has abandoned the child. The child was thirteen years old at the time of the termination hearing. Carlos has seen the child once, maybe twice, since 2003. This is despite evidence establishing the mother has had only two

residences during this time period, Carlos knew the addresses of both residences, and the second address was only eight blocks from Carlos's residence. On the one or two occasions in which Carlos saw the child since 2003, it was mere happenstance Carlos happened to cross paths with the mother and the child. In addition to no physical contact with the child, Carlos ceased paying child support in 2010. Carlos testified he made efforts to contact the child, but the mother rebuffed his efforts. The father's testimony is not credible; it was filled with contradictions and non sequiturs. Carlos has made little to no effort to establish himself as the child's parent.

We further conclude that termination of Carlos's parental rights is in the child's best interests. The child has no relationship with Carlos. *See, e.g.*, *In re T.S.*, No. 15-0443, 2015 WL 5311413, at *3 (Iowa Ct. App. Sept. 10, 2015) (concluding termination was in the best interests of the child where the child had no relationship with the father). The child has a stepfather, who is the only father the child has known. The stepfather wishes to proceed with adoption of the child.

The judgment of the district court is affirmed.

**AFFIRMED.**